**AFFIRM; Opinion Filed March 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00066-CR

**JAMES BENNETT RUCKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR10-1011**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

A jury convicted James Bennett Rucker of driving while intoxicated. The trial court sentenced him to 120 days in jail, suspended for twenty-four months of community supervision. In a single issue, appellant challenges the trial court's denial of his pre-trial motion to suppress evidence. We affirm.

### BACKGROUND

Appellant moved to suppress various items of evidence obtained after a traffic stop, asserting that the police lacked reasonable suspicion to stop his vehicle in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. At appellant's suppression hearing, Sheila Baugus testified that on the evening of May 16, 2010, she and her husband were driving through Rockwall County on Highway 30 when they saw a

black Ford truck weaving back and forth on the road at speeds varying from 50 to 80 miles per hour. Among other things, she observed the truck changing lanes to go around a car and continue all the way over onto the shoulder, making her fear the truck was going to cross the median into oncoming traffic. Concerned for the driver of the truck and others on the highway, Baugus called 911, identified herself, and reported her observations. The 911 dispatcher told her to turn on her flashers and follow the vehicle from a safe distance. Baugus remained on the line with the dispatcher as she continued to observe and follow the truck. The dispatcher then told her where a marked police car would be and instructed her to let the police car pull in front of her. Baugus verified for the dispatcher that the police car was behind the correct vehicle. After the police car pulled in front of her vehicle, Baugus took the exit for Dalrock Road and waited at a Valero gas station as instructed by the dispatcher. There, she made a written statement to the police. Baugus followed the truck for a total of about twenty to twenty-five miles. Jimmy Baugus, who was a passenger in the vehicle his wife was driving, also testified at the suppression hearing. He corroborated his wife's observations of the Ford truck and the events of the evening.

Officer Matthew Joseph testified that he received a dispatch regarding a reckless driver and located appellant's vehicle on Interstate 30 by the make and model provided by the dispatcher and by the hazard lights of the Baugus vehicle. Joseph followed appellant's vehicle for about two miles. As appellant's vehicle crossed the bridge over Lake Ray Hubbard, Joseph observed the vehicle swerve within its lane several times. He also saw appellant's vehicle travel into the adjacent traffic lane to the left without signaling, over-correct onto the right shoulder, and then return to the original lane of travel. Joseph's in-car video camera recorded appellant's vehicle as it was being followed and the recording was admitted into evidence at the hearing. Joseph, a DWI certified police officer, testified that, based on his observations of appellant's vehicle together with the information he received from the dispatcher regarding the 911 caller, he

suspected the driver of the vehicle was intoxicated. Additionally, he indicated his observations of the vehicle suggested other traffic violations including: (1) failure to maintain a single lane of traffic and (2) driving on the improved shoulder. Joseph ultimately activated his lights and stopped appellant's vehicle.

After the hearing, the trial court denied appellant's motion to suppress and made findings of fact and conclusions of law. Among other things, the trial court found that the Bauguses witnessed a Ford truck having trouble maintain its lane position, vary its speed, and travel onto the shoulder. Sheila Baugus called 911 to report her observations and remained on the phone with the dispatcher for about thirty minutes as she followed the vehicle with her flashers activated. Officer Joseph was on patrol in a marked car when he received a dispatch about a reckless driver in a black Ford truck and the driving behavior relayed by the dispatcher suggested to Joseph the driver did not have the full mental and physical capabilities to operate the vehicle. Joseph located and followed the vehicle, observing it swerve within its lane several times, hitting the fog line and lane divider and, at one point, travel into another lane of traffic.

## ANALYSIS

We employ a bifurcated standard of review on a trial court's ruling on a motion to suppress evidence. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that depend on witness credibility while we review de novo questions of law and mixed questions of law and fact that do not depend upon credibility determinations. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review the record as it existed at the time of the suppression hearing unless the parties consensually re-litigate the suppression issue during

the trial. *Turrubiate v. State*, 399 S.W.3d 147, 150–51 (Tex. Crim. App. 2013).[1] The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from the evidence. *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

Appellant contends that Joseph lacked reasonable suspicion to stop his vehicle because the information provided by Baugus was not adequately corroborated by Joseph and appellant did not commit any traffic violation while Joseph was following him. Appellant also asserts the information Baugus provided to the 911 dispatcher could not have provided reasonable suspicion because it was not established that Baugus was a reliable informant.[2]

The Fourth Amendment permits an officer to detain a person for investigatory purposes when the officer has reasonable suspicion to believe the individual is violating the law. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to conclude that a person is, has been, or soon will be, engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005). The factual basis for stopping a vehicle need not arise from the officer's personal observation but may be supplied by a citizen-eyewitness which is adequately corroborated by the detaining officer. *See Brother v. State*, 166 S.W.3d 255, 258–59 (Tex. Crim.

---

[1] If the parties re-litigate, evidence adduced at trial may be included in our review. *See Turrubiate*, 399 S.W.3d at 151.

[2] Appellant contends Baugus did not provide a detailed description of the wrongdoing, neither the dispatcher nor Joseph knew Baugus when she called 911, Baugus did not witness appellant's driving behavior after Joseph's vehicle got behind appellant's truck, and there was no evidence that Baugus placed herself in a position to be held accountable for her report at the time it was given. *See Pipkin v. State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no pet.) (setting forth four factors for informant's reliability).

App. 2005).  "Corroboration does not mean the officer must personally observe the conduct that causes him to reasonably suspect that a crime is being, has been, or is about to be committed." *Id*. at 259 n.5 (citing *Adams v. Williams*, 407 U.S. 143, 147 (1972)).  All that is required is that the officer, in light of the circumstances, confirm enough facts to reasonably conclude the information he was given is reliable and a temporary detention is justified. *Id*.

Here, like the citizen-eyewitness in *Brother*, Baugus reported to the 911 dispatcher a detailed description of appellant's vehicle, its location, as well as the concerning driving behavior she was witnessing.  Baugus also gave the 911 dispatcher her name, provided a written statement to police and testified at the suppression hearing.  Relying on the information Baugus gave the dispatcher, Joseph was able to locate and identify appellant's truck.  Following appellant's truck, Joseph observed driving behavior consistent with that reported by Baugus.  Joseph confirmed enough facts to reasonably conclude that the information given by Baugus and relayed to him by the 911 dispatcher was reliable.  Those facts, together with his own observations of appellant's vehicle, provided the officer with reasonable suspicion that appellant was engaged in criminal activity, i.e., driving while intoxicated.  Having concluded the record supports the trial court's determination that the officer was justified in stopping appellant's vehicle based on the reasonable suspicion of intoxicated driving, we need not address the officer's alternate grounds for the stop.  The trial court did not err in denying appellant's motion to suppress.  We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130066F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES BENNETT RUCKER, Appellant

No. 05-13-00066-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR10-1011.
Opinion delivered by Justice Evans,
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of March, 2014.


/David Evans
DAVID EVANS
JUSTICE